UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL CARUBIA,

                    Plaintiff,

    -v-                                                  1:14-CV-501

COHEN & SLAMOWITZ LLP and MIDLAND
FUNDING LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

MICHAEL CARUBIA
Plaintiff, Pro Se
12 New Jersey Avenue
Rensselaer, NY 12144

PODVEY, MEANOR LAW FIRM             WENDY B. SHEPPS, ESQ.
Attorneys for Defendant Cohen &
   Slamowitz LLP
570 Lexington Avenue
New York, NY 10022

WILSON, ELSER LAW FIRM                JOSEPH L. FRANCOEUR, ESQ.
Attorneys for Defendant Midland          THOMAS A. LEGHORN, ESQ.
   Funding LLC
150 East 42nd Street, 22nd Floor
New York, NY 10017


DAVID N. HURD
United States District Judge

# MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Plaintiff Michael Carubia ("Carubia" or "plaintiff"), proceeding pro se, filed this action against defendants Cohen & Slamowitz LLP ("Cohen") and Midland Funding LLC ("Midland") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA" or the "Act").

Defendants Cohen and Midland (collectively "defendants") have each moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) seeking dismissal of Carubia's complaint in its entirety. Although an opposition to both motions was due on January 6, 2015, plaintiff failed to respond. Both pending motions were considered on the basis of the submissions without oral argument.

## II. BACKGROUND[1]

Carubia is a resident of Rensselaer County, New York "who allegedly owed a debt to Midland," a debt collection agency. Compl. ¶¶ 4(a)-(b). At some point, Midland (and/or its attorneys at Cohen) employed a process server to serve legal documents on plaintiff in connection with this outstanding debt. Id. ¶ 14. Plaintiff alleges that the process server "harassed the tenant that lived upstairs from [plaintiff] about [plaintiff's] whereabouts." Id. Plaintiff further alleges that this process server "had not obtained permission from the landlord to be on the property . . . [or] to enter the building and start interviewing tenants." Id. (internal quotation marks omitted).

---

[1] The following factual allegations are assumed true for purposes of these motions.

On April 30, 2013, a state court traverse hearing occurred "pertaining to the validity of service of the summons and complaint by the process server." Compl. ¶ 7. However, at some point before this hearing took place, Midland's attorney "entered the room where [plaintiff] was meeting with [his] attorney . . . probably for the purpose of discussing out of court settlement options." Id. ¶ 9(a). According to plaintiff, "this had the effect of communication with [him] before clearing it with [his] attorney first." Id.

Carubia also alleges that the above-mentioned process server entered the room where plaintiff was meeting with his attorney. Compl. ¶ 15. Plaintiff claims that when he "explained to [the process server] that to be even legally driving around [in that capacity], she needed to have additional insurance coverage to cover the business use of her personal vehicle," both the process server and Midland's attorney stated that "[i]t doesn't matter." Id. According to plaintiff, this rendered the affidavit of service "counterfeit." Id.

Finally, Carubia alleges that Midland "won" the traverse hearing and represented that it "wanted a trial." Compl. ¶ 13. However, according to plaintiff, Midland "never intended to pursue a trial against [him]." Id.

### III. LEGAL STANDARDS

#### A. Judgment on the Pleadings—Legal Standard

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "The standard for granting a [Rule 12(c)] motion . . . is 'identical' to that of a 12(b)(6) motion to dismiss." Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir.2001)).

"Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a pro se complaint must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (citation omitted). In other words, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal is appropriate only if, construing the complaint liberally and drawing all reasonable inferences in the plaintiff's favor, the factual content does not allow for a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

### B. The Fair Debt Collection Practices Act

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

An actionable FDCPA violation requires a showing that: (1) the plaintiff is a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt is considered a "debt collector"; and (3) the defendant has engaged in an act or omission in violation of the FDCPA's requirements. Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013).

The definitions of these terms are fairly straightforward. The Act defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15

U.S.C. § 1692a(3). Similarly, it defines a "debt collector" as any person "who regularly collects . . . debts owed . . . another" or a person involved "in any business the principal purpose of which is the collection of any debts." § 1692a(6). And although the Act sets forth a non-exhaustive list of proscribed practices, generally speaking it "forbids collectors from engaging in unfair, deceptive, or harassing behavior." Okyere, 961 F. Supp. 2d at 514 (citing 15 U.S.C. §§ 1692 et seq.).

Importantly, "[t]he question of whether a debt collector's action violates the FDCPA is determined objectively from the viewpoint of the 'least sophisticated consumer.'" Zimmerman v. Portfolio Recovery Assocs., LLC, 276 F.R.D. 174, 177 (S.D.N.Y. 2011) (citations omitted). "The basic purpose of this standard is to 'ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215, 219 (N.D.N.Y. 2010) (Sharpe, J.) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). However, "in crafting a norm that protects the naive and the credulous . . . courts have carefully preserved the concept of reasonableness." Id. Accordingly, the FDCPA's protections do not extend to "bizarre or idiosyncratic interpretations of collection notices and other practices." Id. (citation and internal quotation marks omitted).

## IV. DISCUSSION

### 1. The Pre-Hearing Meeting

Carubia's first cause of action alleges that, prior to the state court traverse hearing, "the defendant's attorney [ ] entered [the] room where [he] was meeting with [his] attorney, at the courthouse . . . , [ ] probably for the purpose of discussing out of court settlement options and probably at the behest of the judge." Compl. ¶ 9a. According to plaintiff, this

violated § 1692c(a)(2) because it "had the effect of communication with [him] before clearing it with [his] attorney first." Id.

Section 1692c(a)(2) forbids a debt collector from communicating directly with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2)). "In order to prevail under § 1692c(a)(2), [a] plaintiff must prove that defendants contacted him [or her] with <u>actual knowledge</u> that he [or she] was represented by an attorney." <u>Lorenz v. GE Capital Retail Bank</u>, 944 F. Supp. 2d 220, 227 (E.D.N.Y. 2013) (alterations in original) (citation omitted).

Here, as defendants are quick to point out in their moving papers, this cause of action fails to expressly allege that any communication actually occurred, even under the FDCPA's broad construction of that term. <u>See</u> 15 U.S.C. § 1692a(2) (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium"). However, although a court "cannot invent factual allegations that [a plaintiff] has not pled," <u>Chavis v. Chappius</u>, 618 F. 3d 162, 170 (2d Cir. 2010), other paragraphs of Carubia's operative complaint permit a reasonable inference that some manner of conversation with the debtor took place during this encounter. Compl. ¶ 15 (noting that, in response to plaintiff's statements about the process server's additional insurance coverage, "defendant's lawyer" indicated that it "doesn't matter").

Yet, even assuming that Midland's attorney—presumably a representative from Cohen, the other moving defendant here—entered the room, became aware Carubia was represented by counsel, and some communication nevertheless resulted, plaintiff still fails to state a plausible claim for relief under this provision. "The FDCPA should not be interpreted 'to create bizarre results likely beyond the scope of Congress's intent in enacting the

- 6 -

statute.'" Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694, 707 (D. Minn. 2012) (quoting Strand v. Diversified Collection Serv., 380 F.3d 316, 318 (8th Cir. 2004)). Plaintiff's complaint, no matter how broadly it is construed, alleges that Midland's attorney attempted to discuss settlement with plaintiff's attorney in plaintiff's presence; settlement of a pending lawsuit which had already been filed in state court and in which a pre-trial hearing was about to occur. Insofar as this kind of "communication" falls within the FDCPA's broad definition of that term, it also falls well within the boundaries of ordinary litigation—something which the FDCPA cannot possibly have been intended to discourage. See Heintz v. Jenkins, 514 U.S. 291, 296 (1995) (noting in dicta that it would be odd if the FDCPA "empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt").

The application of such logic is especially appealing where, as here, there are no allegations that Midland's attorney attempted to communicate with Carubia outside the presence of his own attorney, made any repeated attempts to communicate after being informed such communication was undesirable, or otherwise engaged in any deceptive or abusive behavior that might be construed so as to fall within the FDCPA's provisions. See 15 U.S.C. § 1692(c) (noting that any "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts").

Indeed, "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's . . . behavior." Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir.

2002). Accordingly, defendants' motions for a judgment on the pleadings with respect to plaintiff's first cause of action will be granted.

### 2. Midland's Intention to Continue Litigation

Carubia's second cause of action alleges that although "[d]efendant won the traverse hearing and wanted a trial . . . . defendant never intended to pursue a trial against plaintiff." Compl. ¶ 13. According to plaintiff, this violated § 1692e(5).

Section 1692e generally prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This proscription includes, but is not limited to, a "threat to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5). For example, "an explicit threat of litigation or an implication that legal action is inevitable, when such is not the case, will violate § 1692e(5)." Larsen v. JBC Legal Grp., P.C., 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008) (citation omitted).

Here, Carubia alleges that he was served with legal process in connection with the debt at issue, that Midland's attorney appeared at a traverse hearing where plaintiff contested the validity of the service, and that a state court judge then ruled in Midland's favor. See Compl. ¶¶ 4, 13, 15. Despite all this, plaintiff alleges an actionable misrepresentation occurred because Midland "never intended to pursue a trial." Id. ¶ 13.

Even assuming Carubia's conclusory allegation that defendants "never intended to pursue a trial" constitutes the kind of "false, deceptive, or misleading representation" contemplated under § 1692e(5), plaintiff still cannot state a plausible claim for relief on these facts. "Although statements made and actions taken in furtherance of a legal action are not, in and of themselves, exempt from liability under the FDCPA," a representation is not

"material," and thus not actionable under § 1692e, unless it somehow "interfere[d] with a consumer's ability to answer and defend himself." Gabriele v. American Home Mortg. Serv., Inc., 503 F. App'x 89, 95 (2d Cir. 2012) (summary order).

Midland, presumably through its attorneys at Cohen, had already initiated state court litigation by claiming to have served process on plaintiff, as evidenced by the traverse hearing.[2] There are no allegations that Midland's or Cohen's actions were harassing or otherwise deceptive so as to interfere with plaintiff's ability to defend himself in this state court action, especially since he alleges he was represented by his own counsel. See Gabriele, 503 F. App'x at 96 n.1 ("[T]he protective purposes of the FDCPA typically are not implicated 'when a debtor is instead protected by the court system and its officers.'" (citation omitted)).

In any event, "litigants in state court already enjoy myriad procedural and substantive protections from fraudulent and deceptive practices[ ] [that make] resort to the FDCPA [ ] unnecessary." Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 3:11-CV-1111 SRU, 2012 WL 4372251, at *5 (D. Conn. Sept. 24, 2012) (citation omitted). Accordingly, defendants' motions for a judgment on the pleadings with respect to plaintiff's second cause of action will be granted.

### 3. Process Server's Efforts

Carubia's third cause of action alleges that the process server "had not obtained permission from the landlord to be on the property" and "harassed the tenant that lived

---

[2] Traverse hearings are ordinarily held to resolve factual disputes regarding the propriety of service. See, e.g., Dunn v. Pallett, 42 A.D. 3d 807, 808-09 (N.Y. App. Div. 3d Dep't 2007).

upstairs . . . for information about [plaintiff's] whereabouts." Compl. ¶ 14. According to plaintiff, this "harassing [of] third parties for information" violated § 1692d.

Section 1692d "specifically prohibits conduct 'the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.'" Okyere, 961 F. Supp. 2d at 514 (quoting 15 U.S.C. § 1692d). The non-exhaustive list of behavior this section proscribes includes, for example, the "use or threat of use of violence," the "use of obscene or profane language," and harassing telephone calls. § 1692d(1)-(6).

Nevertheless, Carubia fails to state a claim under this provision because he fails to allege that these events directly impacted him. While it is true that § 1692d prohibits conduct directed at "any person," this broad language would only confer standing to sue on those allegedly injured parties, not plaintiff here. See, e.g., Shetiwy v. Midland Credit Mgmt., 980 F. Supp. 2d 461, 475 (S.D.N.Y. 2013) (noting plaintiff lacked standing to bring FDCPA suit based on alleged injuries suffered by others); Ehrich v. Credit Prot. Ass'n, L.P., 891 F. Supp. 2d 414, 416 (E.D.N.Y. 2012) (finding no plausible claim that plaintiff's personal rights were violated under the FDCPA (emphasis added)). A fair reading of plaintiff's complaint merely describes events that may or may not have resulted in actionable harm to third parties—the process server's alleged harassment of plaintiff's upstairs neighbor and some injury to the landlord arising from the process server's alleged failure to secure his permission to be present on the property. See Compl. ¶ 14.

Further, process servers are expressly exempted from the FDCPA's provisions while they are engaged in the process of "serving or attempting to serve legal process." 15 U.S.C. § 1692a(6)(D); Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010) ("[P]rocess servers whose involvement is merely 'limited to serving the [debt

collection] communication on the consumer—in effect, to being messengers'—are exempt." (citation omitted)). And although a process server who engages in "abusive or harassing activities to <u>force an individual to repay a debt</u>" cannot claim this exemption, <u>Sykes</u>, 757 F. Supp. 2d at 423 (emphasis added), the allegations here—in essence, that the process server communicated with plaintiff's upstairs neighbor in an effort to ascertain plaintiff's whereabouts—fall well within the protective ambit of § 1692a(6)(D). Accordingly, defendants' motions for a judgment on the pleadings with respect to plaintiff's third cause of action will be granted.

### 4. **Affidavit of Service**

Carubia's fourth cause of action alleges that, because the process server failed to secure "additional insurance coverage to cover the business use of her personal vehicle," the affidavit of service made in connection with her service of process is "counterfeit." Compl. ¶ 15. According to plaintiff, this violates § 1692e's prohibition on false, deceptive, or misleading representations.

This final claim is entirely without merit. First, Carubia fails to actually allege the process server lacked this "required" insurance coverage. Rather, he appears to take issue with being told that such coverage "doesn't matter." <u>See</u> Compl. ¶ 15.

Second, even granting an inference that Carubia intended to plead such a lack of coverage, it does not follow that a process server's failure to secure additional insurance coverage on a vehicle somehow renders an affidavit of service completed by that individual "counterfeit" or otherwise invalid in such a way as to give rise to § 1692e(5)'s protections.

Third, and as Carubia's own complaint alleges, defendants "won" the traverse hearing; i.e., the state court determined service against plaintiff was proper and therefore the affidavit

of service was necessarily not "counterfeit" or invalid and thus not a misrepresentation. Accordingly, defendants' motions for a judgment on the pleadings with respect to plaintiff's fourth cause of action will be granted.

## V. CONCLUSION

"Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." Robledo v. Bond No. 9, 965 F. Supp. 2d 470, 474 (S.D.N.Y. 2013) (citation omitted). Although Carubia's frustration with defendants' efforts to collect the debt at issue is evident, even a liberal reading of his complaint fails to give any indication that a valid FDCPA claim might be stated.

Therefore, it is

ORDERED that

1. Defendant Cohen's motion for a judgment on the pleadings is GRANTED;

2. Defendant Midland's motion for a judgment on the pleadings is GRANTED; and

3. Carubia's complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment DISMISSING the complaint and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 23, 2015.
      Utica, New York.